UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1711 JVS (JCGx) | Date | December 8, 2015 |
| Title | Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) **Order DENYING Plaitniff's Motion to Remand**

    Plaintiff Taylor Morrison of California, LLC ("Taylor Morrison") has filed a motion to remand this action to state court. Mot., Docket No. 23. Taylor Morrison also seeks attorney's fees and costs incurred in filing the remand motion. Defendant First Specialty Insurance Corporation ("First Specialty") opposes remand. Opp., Docket No. 27. Taylor Morrison has filed a reply. Reply, Docket No. 30.

    For the following reasons, the Court **denies** Taylor Morrison's motion for remand.

**1.    Background**

    On August 30, 2013, Taylor Morrison, a home builder, filed an action in Orange County Superior Court against First Specialty, an insurance company, alleging that First Specialty wrongfully declined to defend Taylor Morrison in a construction defect action in Sacramento County Superior Court involving plumbing defects in two single-family homes ("Taylor Morrison I"). The issues in Taylor Morrison I were bifurcated: in Phase 1, the Court was to determine whether First Specialty was obligated to defend Taylor Morrison under its insurance policy, and, in Phase 2, the Court was to try all remaining claims. See Harvey Decl. ¶ 7, Docket No. 27-1. In March 2015, the Court issued an interlocutory ruling declaring that First Specialty was obligated to defend Taylor Morrison. Reporter's Transcript at 4-5, Gravitt Decl. Ex. 2, Docket No. 23-2. Id. The remaining claims were set to be tried on November 30, 2015. Gravitt Decl. ¶ 10.

    On August 26, 2015, Taylor Morrison filed the present action against First Specialty in Orange County Superior Court, alleging that First Specialty wrongfully

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1711 JVS (JCGx) | Date | December 8, 2015 |
| Title | Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp. | | |

declined to defend Taylor Morrison in a series of four separate construction defect actions involving over 70 single-family homes venued in four different counties. Complaint at 1-2 ("Compl."), Notice of Removal Ex. A., Docket No. 1-2.

On August 27, 2015, Taylor Morrison filed a Notice of Related Case under California Rules of Court 3.300 in Taylor Morrison I identifying Taylor Morrison I as "related" to the present action. Gravitt Decl. ¶ 7. On September 8, 2015, First Specialty's then-counsel in Taylor Morrison I (and First Specialty's current counsel in the present action) filed an opposition to Taylor Morrison's Notice of Related Case. Response in Opp. to Notice of Related Case, Harvey Decl. Ex. D. On September 30, 2015, the Orange County Superior Court ruled that the present action was "related to" Taylor Morrison I. Minute Order, Gravitt Decl. Ex. 4.

On October 22, 2015, First Specialty removed the present action to this Court under 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction. Notice of Removal at 2, Docket No. 1.

**2.     Legal Standards**

   2.1.     Removal to federal court

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the original jurisdiction would lie in federal court. City of Chicago v. Int'l College of Surgeons, 522 U.S. 56, 163 (1997). The removing party has the burden of showing removal was proper, i.e., there are grounds for federal jurisdiction and the removing party complied with all procedural requirements for removal. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). The removing party may show that removal was proper by submitting summary-judgment-type evidence. Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegations and speculative assertions are insufficient to meet this burden, however. See, e.g., Matheson, 319 F.3d at 1090-91; Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In any event, the Ninth Circuit has directed that courts must "strictly construe the removal statute against removal jurisdiction," and that "any doubt as to the right of removal" is resolved in favor of remanding the case to state court. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1711 JVS (JCGx) | Date | December 8, 2015 |
| Title | Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp. | | |

2.2. Federal diversity jurisdiction

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

*Complete diversity*. There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). For diversity purposes, a corporation is deemed to be a citizen of both the state of its incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center" where a corporation's officers direct, control, and coordinate the corporation's activities. Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). "[I]n practice, it should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination." Id. at 93. Likewise, "a limited liability corporation is a citizen of all states where its members are citizens." Fadal Machining Centers, LLC v. Mid-Atl. CNC, Inc., 464 F. App'x 672, 673 (9th Cir. 2012).

*Amount in controversy*. To satisfy the amount in controversy requirement, the plaintiff's alleged damages must exceed $75,000. 28 U.S.C. § 1332(a). When, as here, the state court complaint "alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually recover that amount." Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th Cir. 2007) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398 (9th Cir. 1996)).

# 3. Discussion

Taylor Morrison seeks to remand the action back to state court. Taylor Morrison does not substantively dispute that the Court has diversity jurisdiction over this action, however. Instead, Taylor Morrison argues that removal to federal court was improper for four independent reasons: (1) First Specialty's notice of removal was untimely; (2) First Specialty waived its right of removal by challenging Taylor Morrison's notice of related cases in Taylor Morrison I; (3) First Specialty's removal seeks to nullify the state court's interlocutory ruling in Taylor Morrison I in violation of Barrow v. Hunton, 99 U.S. 80

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1711 JVS (JCGx) | Date | December 8, 2015 |
| Title | Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp. | | |

(1879); and (4) First Specialty is engaging in improper forum-shopping. Mot. at 2. As explained below, none of these arguments show that removal was improper.

    3.1.    The Court has diversity jurisdiction over the action.

Diversity jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). First Specialty has sustained its burden in showing each element.

*Complete diversity*. Taylor Morrison is a limited liability corporation and First Specialty is a corporation. Accordingly, to establish complete diversity, First Specialty must establish diversity between each member of Taylor Morrison and First Specialty's state of incorporation and principal place of business. See 28 U.S.C. § 1332(a)(1), (c)(1); Fadal, 464 F. App'x at 673. Taylor Morrison's sole member is Taylor Morrison Services, Inc., and Taylor Morrison Services, Inc.'s state of incorporation is Delaware and its principal place of business is Arizona. Notice of Removal ¶¶ 9-10. First Specialty's state of incorporation is Missouri and its principal place of business is Kansas. Notice of Removal ¶ 11. The Court thus finds complete diversity between Taylor Morrison and First Specialty.

*Amount in controversy*. On the face of its complaint, Taylor Morrison seeks at least $500,000 in compensatory damages, as well as attorney's fees and costs and punitive damages according to proof. Compl. at 10:12-22 & ¶¶ 19, 24. This satisfies the $75,000 jurisdictional minimum. Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) ("The jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages."). Because there is no countervailing evidence giving rise to a "legal certainty that [Taylor Morrison] cannot actually recover that amount," the Court thus finds that the amount in controversy exceeds $75,000. Guglielmino v. McKee Foods Corp., 506 F.3d at 699.

Because there is complete diversity between Taylor Morrison and First Specialty, and Taylor Morrison seeks more than $75,000, the Court has diversity jurisdiction over the action.

    3.2.    First Specialty's notice of removal was timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 15-1711 JVS (JCGx)                              Date   December 8, 2015

Title   Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp.

     Taylor Morrison argues that removal was improper because First Specialty's notice of removal was untimely. A defendant seeking to remove an action from state to federal court must file a notice of removal within 30 days after receiving a copy of the pleading. 28 U.S.C. § 1446(b). The 30-day period for filing a notice of removal is triggered when the defendant first receives formal service of process. Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 354-56 (1999). State law determines when the defendant first receives formal service of process. See Destfino v. Reiswig, 630 F.3d 952, 957 (9th Cir. 2011); Lee v. City of Beaumont, 12 F.3d 933, 936–37 (9th Cir. 1993) ("The issue of the sufficiency of service of process prior to removal is strictly a state law issue."). As relevant here, California law provides that service by mail on out-of-state defendants becomes effective 10 days after mailing. Cal. Civ. Proc. Code § 415.40.

     Here, Taylor Morrison formally served First Specialty by mail to an address in New Hampshire on September 17, 2015. See Proof of Service of Summons, Harvey Decl. Ex. C, Docket No. 27-1. Service thus became effective ten days later on September 27, 2015. See Cal. Civ. Proc. Code § 415.40. First Specialty filed its notice of removal 25 days later on October 22, 2015. Mot. First Specialty's notice of removal was therefore timely within 28 U.S.C. § 1446(b)'s 30-day period for removal.

     Taylor Morrison argues that First Specialty's notice of removal was untimely because (1) Taylor Morrison first mailed courtesy copies of the operative Complaint to First Specialty's counsel on August 28, 2015,[1] and (2) First Specialty filed a response challenging Taylor Morrison's Notice of Related Case in Taylor Morrison I on September 8, 2015. Memo. of P.'s & A.'s in Supp. of Mot. ("Memo.") at 7-8. Both arguments fail. First, mailing courtesy copies does not trigger 28 U.S.C. § 1446(b)'s 30-day removal period; only formal service of process does. Murphy, 526 U.S. at 347-348 ("[W]e hold that a named defendant's time to remove is triggered . . . not by mere receipt of the complaint unattended by any formal service."). Second, First Specialty's challenge to Taylor Morrison's Notice of Related Case is only relevant to whether First Specialty waived its right of removal by participating in the action at state court, and not when service of process was effected for purposes of calculating 28 U.S.C. § 1446(b)'s 30-day removal period. The Court therefore declines to find that First Specialty's notice of

---

[1] On September 21, 2015, after receiving courtesy copies of the Complaint from Taylor Morrison, First Specialty's counsel told Taylor Morrison that they were not authorized to accept service of new lawsuits, including the present action, on First Specialty's behalf. Harvey Decl. Ex. C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.     SACV 15-1711 JVS (JCGx)                                  Date    December 8, 2015

Title        Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp.

removal was untimely on these grounds.

    3.3.    First Specialty did not waive its right of removal.

    Taylor Morrison next argues that First Specialty waived its right of removal by (1) failing to remove Taylor Morrison I to federal court and (2) opposing Taylor Morrison's Notice of Related Case in Taylor Morrison I. Memo. at 10-11. In the Ninth Circuit, a defendant may waive his right of removal by "tak[ing] actions in state court that manifest his . . . intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994), as amended (Jan. 20, 1995). The waiver must be "clear and unequivocal," however. Id. (quoting Beighley v. FDIC, 868 F.2d 776, 782 (5th Cir. 1989)). This "clear and unequivocal" standard imposes a high bar for waiver. For example, courts generally do not find waiver unless the defendant "litigates on the merits in state court . . . after it is apparent that the case is removable," Foley v. Allied Interstate, Inc., 312 F. Supp. 2d 1279, 1282 (C.D. Cal. 2004), for example, by filing permissive counterclaims or cross-claims, Acosta v. Direct Merchants Bank, 207 F. Supp. 2d 1129, 1131-32 (S.D. Cal. 2002) (collecting cases).

    Here, there is no "clear and unequivocal" evidence suggesting that First Specialty intended to adjudicate the present action in state court and forfeit his right to federal court. Bayside, 43 F.3d at 1240. For example, First Specialty did not try to litigate the present action on the merits in state court before it filed its notice of removal; indeed, First Specialty made no filings at all when the action was pending in state court. Harvey Decl. ¶ 6. Moreover, any conduct by First Specialty that purportedly indicates its unwillingness to litigate the present action in federal court occurred only in the separate Taylor Morrison I action, and Taylor Morrison has altogether failed to explain how First Specialty's conduct in Taylor Morrison I manifested First Specialty's intent not to adjudicate the present action in federal court. See, e.g., Memo. at 11 (conclusorily arguing that "First Specialty's activities are a clear manifestation of its part to have the case adjudicated in state court, and at the very least are inconsistent with an intent to avail itself" of federal court). The Court therefore finds that First Specialty did not waive its right to remove the case.

    3.4.    Removal does not nullify a state court judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 15-1711 JVS (JCGx)     Date   December 8, 2015

Title     Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp.

      Taylor Morrison argues that removal is prohibited under Barrow v. Hunton, 99 U.S. 80 (1879), because the removed action would seek to nullify the state court's interlocutory ruling in Taylor Morrison I. Memo. at 8-10. Under Barrow, "a federal court cannot acquire removal jurisdiction over a state court action that seeks to set aside a prior state court judgment when the second suit 'is a supplementary proceeding so connected with the original suit as to form an incident of it, and substantially a continuance of it.'" Bayside, 43 F.3d at 1240 (quoting Barrow, 99 U.S. at 92).

      Barrow does not apply here for three reasons. First, the state court has not entered judgment in Taylor Morrison I, and the state court's interlocutory ruling on a bifurcated insurance coverage issue does not constitute a state court "judgment" under California law. See Cal. Civ. Proc. Code § 904.1(a)(1) (interlocutory rulings appealable only in an appeal from the final judgment in the action).

      Second, even if the interlocutory ruling in Taylor Morrison I constituted a "judgment," First Specialty is not seeking to nullify that state court judgment by removing this action to federal court. The present federal action and Taylor Morrison I are distinct adjudications that will be adjudicated separately; judgment in this action therefore would not nullify judgment in Taylor Morrison I.

      Third, and relatedly, the present action does not constitute a "supplementary proceeding so connected with" Taylor Morrison I "as to form . . . a continuance of it." Barrow, 99 U.S. at 92. Although "[n]o bright-line formula exists for separating the independent and removable sheep from the ancillary and nonremovable goats," courts generally find that actions are independent and removable when they bring in new parties or raise new and distinct disputed issues. Travelers Prop. Cas. v. Good, 689 F.3d 714, 724 (7th Cir. 2012) (surveying cases). Here, the present action involves insurance coverage disputes arising out of four separate construction-defect lawsuits involving over 70 residential properties for claims arising at different times that were not at issue in Taylor Morrison I. Opp. at 11. The fact that both disputes involve the same governing insurance policy does not alone render this action a "continuance" of Taylor Morrison I. Barrow, 99 U.S. at 92. Accordingly, the Court finds that Barrow does not apply to bar removal here.

      3.5.    The Court cannot decline diversity jurisdiction because of forum-shopping.

      Taylor Morrison argues that the Court should remand this action because First

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1711 JVS (JCGx) | Date | December 8, 2015 |
| Title | Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp. | | |

Specialty is engaging in forum-shopping by attempting to litigate this action in federal court. Memo. at 11-13. With limited exceptions, see Section 3.6, a district court has no discretion to decline removal jurisdiction when the defendant has properly shown diversity jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 355-56 (1988); Williams v. Costco Wholesale Corp., 471 F.3d 975, 977 (9th Cir. 2006). Because the Court has original jurisdiction on the basis of diversity jurisdiction, see Section 3.1, it does not have the discretion to remand based solely on policy concerns raised by forum-shopping.

      3.6.    In its discretion, the Court declines to abstain under Colorado River.

      In limited circumstances, federal courts may abstain from exercising jurisdiction even when they have subject-matter jurisdiction over the action. See, e.g., Railroad Comm'n of Tex. v. Pullman, 312 U.S. 496, 501-02 (1941) (courts may abstain from deciding issue of federal constitutional law when issue may be resolved by ruling on state law issues). In its reply, Taylor Morrison argues for the first time that the Court should abstain from deciding this action under the Colorado River doctrine. See Reply at 6; see also Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976). As explained below, the Court declines to exercise its discretion to abstain from the action under Colorado River.

      Under Colorado River, district courts have the discretion to abstain from federal actions when there are concurrent state court proceedings relating to the same property. See id. at 813-814. Nevertheless, the U.S. Supreme Court has "carefully limited Colorado River, emphasizing that courts may refrain from deciding an action for damages only in 'exceptional' cases, and only 'the clearest of justifications' support dismissal." R.R. St. & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 978 (9th Cir. 2011) (quoting Colorado River, 424 U.S. at 818-19). Accordingly, in the Ninth Circuit, district courts must consider eight factors to determine whether stay or dismissal under Colorado River is appropriate: "(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court." Id. at 978-79. "Any doubt as to whether a factor exists should be resolved against a stay." Travelers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1711 JVS (JCGx) | Date | December 8, 2015 |
| Title | Taylor Morrison of Cal., LLC v. First Specialty Ins. Corp. | | |

Indem. Co. v. Madonna, 914 F.2d 1364, 1369 (9th Cir. 1990).

  The Court declines to abstain from the action under Colorado River for two independent reasons. First, the Court declines to consider whether abstention is appropriate on the merits because Taylor Morrison failed to raise abstention in its remand motion. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Second, even if the Court decided abstention on the merits, the Court would not abstain because Taylor Morrison has not provided "the clearest of justifications" supporting remand. Colorado River, 424 U.S. at 819. For example, Taylor Morrison does not explain how the eight factors enumerated in R.R. St. & Co. favor abstention, and instead conclusorily argues that "[t]here is no question that pursuant to Colorado River, supra[,] abstention is appropriate." See Reply at 6. On this record, this action is not the "exceptional" or "rare" circumstance justifying abstention. R.R. St. & Co., 656 F.3d at 978.

**4. Conclusion**

  For the reasons stated above, the Court **denies** Taylor Morrison's motion for remand. Because the Court denies Taylor Morrison's motion for remand, the Court also **denies** Taylor Morrison's request for attorney's fees.

  IT IS SO ORDERED.

| | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |